# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-26-LRR |
| vs. | |
| JOSEPH LYNN VANN, SR., | **ORDER** |
| Defendant. | |

The matter before the court is Defendant Joseph Lynn Vann, Sr.'s pro se Motion to Reduce Sentence ("Motion") (docket no. 59), which was filed on January 2, 2019. In the Motion, Defendant seeks relief "in light of the recently passed fully retroactive Fair Sentencing Act[.]" Motion at 1. Specifically, Defendant argues that, "[b]eing that the Fair Sentencing Act is fully retroactive[, Defendant] now seeks the benefits of the two level reduction because it is included in the Fair Sentencing Act." *Id*. at 1-2. Defendant notes that "[t]he Fair Sentencing Act changed the 5 grams to 28 grams" and he is "responsible for only 19.5 grams total." *Id*. at 2.

On September 5, 2019, the court ordered the government to respond to Defendant's Motion. *See* September 5, 2019 Order (docket no. 62) at 1. The government filed the Resistance (docket no. 63) on September 6, 2019. In the Resistance, the government argues that:

> Section 2 of the Fair Sentencing Act, as it pertains to this case, increased the drug quantity threshold necessary to trigger penalties under § 841(b)(1)(B) from 5 grams of crack cocaine to 28 grams of crack cocaine. But the amended judgment in this case already sentenced [D]efendant as if the § 841(b)(1)(B) penalties did not apply. Specifically, [D]efendant's guidelines range, calculated under the career offender guidelines, was reduced from 262 to 327 months' imprisonment to 188 to 235

> months' imprisonment. His sentence was reduced from 262
> months to 188 months. This change was because [D]efendant
> was being re-sentenced pursuant to the penalties set forth in
> §§ 841(b)(1)(C) and 851, with a 30-year maximum penalty.
> Therefore, a First Step Act reduction would merely provide
> [D]efendant with what [D]efendant has already received.
> Simply put, [D]efendant has already received the benefit of the
> portion of the Fair Sentencing Act that was made retroactive
> by the First Step Act and relevant to [D]efendant.

Resistance at 5. The government also asserts that Amendment 782 is inapplicable because Defendant was sentenced as a career offender and "the changes set forth in Amendment 782, which altered only drug quantity offense levels and not career offender offense levels, do not apply to [D]efendant." *Id*. at 5-6.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has
> been imposed except that . . . in the case of a defendant who
> has been sentenced to a term of imprisonment based on a
> sentencing range that has subsequently been lowered by the
> Sentencing Commission pursuant to 28 U.S.C. [§] 994(o),
> upon motion of the defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may reduce the term
> of imprisonment, after considering the factors set forth in [18
> U.S.C. §] 3553(a) to the extent that they are applicable, if
> such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). In addition, U.S.S.G. § 1B1.10 states, in relevant part:

> In a case in which a defendant is serving a term of
> imprisonment, and the guideline range applicable to that
> defendant has subsequently been lowered as a result of an

amendment to the Guidelines Manual listed in subsection (d)
. . . the court may reduce the defendant's term of
imprisonment as provided by 18 U.S.C. § 3582(c)(2). As
required by 18 U.S.C. § 3582(c)(2), any such reduction in the
defendant's term of imprisonment shall be consistent with this
policy statement.

U.S.S.G. § 1B1.10(a)(1); *see also* U.S.S.G. § 1B1.10, cmt. n.1A ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range.").

Here, Defendant cites to Amendment 782, which is included within U.S.S.G. § 1B1.10(d). However, the court has already determined that, because Defendant was sentenced as a career offender, Amendment 782 has no impact on his guideline range and he is not eligible for a reduced sentence pursuant to Amendment 782. *See* June 30, 2015 Order (docket no. 52) at 3-4. Further, as the government correctly points out in its Resistance, when Defendant was resentenced on April 1, 2013, Defendant already received the benefit that he would receive under a First Step Act reduction. *See* February 6, 2013 Order (docket no. 43); April 1, 2013 Minute Entry (docket no. 45); Resistance at 5. In other words, Defendant would not receive any new benefit from the application of the Fair Sentencing Act that was made retroactive by the First Step Act, Defendant's sentence would not be further reduced. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 11th day of October, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA